| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Bruce C. Amory** |
| | First Name    Middle Name    Last Name |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF OHIO** |
| Case number: (If known) | 19-31037 |

☐ **Mortgage changed to conduit. Polaris changed to paid by trustee. Ram changed to surrender. Lump sum payments added to cover tax debt.**

Official Form 113
# Chapter 13 Plan
12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$1550** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
  *Check one.*
  ☐ Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Bruce C. Amory** | Case number | **19-31037** |
|---|---|---|---|

☑ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☐ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

☑ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
**$542.25 lumpsum payment in month 60, plus $54.23 lumpsum payment in month 60, plus $5.42 lumpsum payment in month 60**

2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $<u>**93,601.90**</u>.

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| PennyMac Loan Services | 55 Crestview Drive Tiffin, OH 44883 Seneca County | $850.00<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | Prepetition: $6,743.28 | 0.00% | $204.34 | $57,743.28 |
| Performance Finance | 2016 Polaris Slingshot 7000 miles | $332.90<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | Prepetition: $0.00 | 0.00% | $0.00 | $19,974.00 |

*Insert additional claims as needed.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

Official Form 113    **Chapter 13 Plan**    Page 2
Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

19-31037-jpg    Doc 57    FILED 01/30/20    ENTERED 01/30/20 12:55:12    Page 2 of 9

| Debtor | **Bruce C. Amory** | Case number | **19-31037** |
|---|---|---|---|

☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4    Lien avoidance.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5    Surrender of collateral.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| **Anchor Point Boat-A-Minium** | **water slip** |
| **Truliant Federal Credit Union** | **2015 Dodge Ram 103725 miles** |

*Insert additional claims as needed.*

---

**Part 4:    Treatment of Fees and Priority Claims**

**4.1    General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**9,360.19**.

**4.3    Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**1,400.00**.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ The debtor(s) estimate the total amount of other priority claims to be **$5,124.43**

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

**Part 5:    Treatment of Nonpriority Unsecured Claims**

**5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $           .
☑ **0.00** % of the total amount of these claims, an estimated payment of $ **0.00**  .
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **0.00**  .

| Debtor | Bruce C. Amory | Case number | 19-31037 |
|---|---|---|---|

Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one*.

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☑ plan confirmation.
☐ entry of discharge.
☐ other: _____

### Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**
☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9: Signature(s):

**9.1** **Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X **Bruce C. Amory**
Signature of Debtor 1

Executed on **January 30, 2020**

X **John F. Kostyo 0019389 - Ohio**
Signature of Attorney for Debtor(s)

X _____
Signature of Debtor 2

Executed on _____

Date **January 30, 2020**

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **Bruce C. Amory** | Case number | **19-31037** |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $77,717.28 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $15,884.62 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $0.00 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)*  + | $0.00 |
| | **Total of lines a through j** | $93,601.90 |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 19-31037 |
| Bruce C. Amory | ) ) | Chapter 13 |

## CERTIFICATE OF SERVICE

I certify that on **January 30, 2020**, a true and correct copy of the **Amended Plan** was served:

Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

- ? Eugene F. Canestraro    gcanestraro@ccw-law.com
- ? John F. Kostyo    jfk@kostyolaw.com, eg@kostyolaw.com
- ? Steven H. Patterson    ohbk@rslegal.com, rsbkecfbackup@gmail.com;reisenfeld@ecf.inforuptcy.com
- ? United States Trustee    (Registered address)@usdoj.gov
- ? Elizabeth A. Vaughan    13ECFNotices@chapter13toledo.com, toledo13@ecf.epiqsystems.com

And by regular U.S. mail, postage prepaid, on:

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

| | |
|---|---|
| **AFNI**<br>P.O. Box 3517<br>1310 Martin Luther King Drive<br>Bloomington, IL 61702 | (25973684)<br>(cr) |
| **Anchor Point Boat-A-Minium**<br>c/o Anchor Point Marina<br>10905 Corduroy Road<br>Curtice, OH 43412 | (25973685)<br>(cr) |
| **Capital One**<br>P.O. Box 6492<br>Carol Stream, IL 60197-6492 | (25973686)<br>(cr) |
| **Cline, Cook & Weisenburger Co.LPA**<br>405 Madison Ave., Suite 1100<br>Toledo, OH 43604-2605 | (25973687)<br>(cr) |
| **Credit One Bank**<br>P.O. Box 60500<br>City of Industry, CA 91716-0500 | (25973688)<br>(cr) |
| **Department of the Treasury** | (25973689) |

Internal Revenue Service  (cr)
Kansas City, MO 64999-0030

**Firstmark Services**  (25973690)
P.O. Box 2977  (cr)
Omaha, NE 68103-2977

**Ford Motor Credit**  (25973691)
P.O. Box 542000  (cr)
Omaha, NE 68154

**Internal Revenue Service**  (25973692)
P.O. Box 931200  (cr)
Louisville, KY 40293-1200

**Keith Weiner Attorney At Law**
75 Public Square  (25973693)
4th Floor  (cr)
Cleveland, OH 44113

**OneMain**  (25973694)
P.O. Box 742536  (cr)
Cincinnati, OH 45274-2536

**OneMain Consumer Loan, Inc.**  (25973695)
P.O. Box 64  (cr)
Evansville, IN 47701-0064

**Oregon Municipal Court**  (25973696)
5330 Seaman Rd.  (cr)
Oregon, OH 43616

**PayPal Credit**  (25973697)
P.O. Box 71202  (cr)
Charlotte, NC 28272-1202

**PennyMac Loan Services**  (25973698)
P.O. Box 514387  (cr)
Los Angeles, CA 90051-4387

**Performance Finance**  (25973699)
P.O. Box 5108  (cr)
Oak Brook, IL 60523-5108

**Performance Financial**
1515 W 22nd Street  (25973700)
Suite 100W  (cr)
Oak Brook, IL 60523

**Private National Mortgage**  (25973701)
P.O. Box 514387  (cr)
Los Angeles, CA 90051

**Reisenfeld & Associates**  (25973702)
3962 Red Bank Road  (cr)
Cincinnati, OH 45227

**Synchrony Bank**  (25973703)
P.O. Box 960061  (cr)
Orlando, FL 32896-0080

**Truliant Federal Credit**  (25973704)
3200 Truliant Way  (cr)

Winston Salem, NC 27103
**Truliant Federal Credit Union**
P.O. Box 26000   (25973705)
Winston Salem, NC 27114-6000   (cr)

**/s/ John F. Kostyo**
**John F. Kostyo 0019389 - Ohio**
**Kostyo & Associates Law, LLC**
**1665 Tiffin Avenue**
**Suite A1, East Entrance**
**Findlay, OH 45840**
**419-422-7700**
**jfk@kostyolaw.com**

# United States Bankruptcy Court
## Northern District of Ohio

In re   **Bruce C. Amory**                          Case No.   **19-31037**
                                      Debtor(s)                Chapter     **13**

## AMENDED
## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

        I declare under penalty of perjury that I have read the foregoing Chapter 13 Plan, consisting of   **5**   page(s), and that they are true and correct to the best of my knowledge, information, and belief.

Date   **January 30, 2020**                  Signature   **/s/ Bruce C. Amory**
                                                                                     **Bruce C. Amory**
                                                                                     Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
                                                      18 U.S.C. §§   152 and 3571.